**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janice Walker,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>　　　　　　Defendants. | No. CV 11-01538-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant[1] City of Phoenix's Motion to Dismiss (Doc. 45). Defendant asserts Plaintiff's complaint does not comply with the federal pleading standards and fails to state a plausible claim for relief. To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). A claim is plausible if it contains "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d

---

[1] The City of Phoenix is the only remaining defendant. (*See* Doc. 40.)

1116, 1122 (9th Cir. 2008). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff has failed to satisfy these pleading requirements. In her third amended complaint, Plaintiff continues to set forth her allegations in a rambling and incoherent manner that does not reasonably put Defendant on notice of the claims against it. Plaintiff has not listed separate claims for relief or clearly identified the legal theories or causes of action entitling her to relief. Defendant's motion to dismiss will therefore be granted.

Although leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2), "[l]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice ... or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The Court's discretion to deny leave to amend a complaint is "especially broad" where the plaintiff already has had one or more opportunities to amend his complaint. *Id.* at 1161. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Plaintiff has already been given three opportunities to amend her complaint, and there is no basis for concluding that further amendment will correct the continuing deficiencies in her pleadings. Accordingly, Plaintiff's Third Amended Complaint (Doc. 38) will be dismissed with prejudice.

Plaintiff's Motion to Seal File (Doc. 48) does not show sufficient cause to warrant this matter being sealed and will be denied. Although she asks the court to seal "all

private medical records and doctor letters of plaintiff" (*id.* at 1), no such records or letters are in the record.

IT IS THEREFORE ORDERED that Defendant City of Phoenix's Motion to Dismiss (Doc. 45) is granted with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal File (Doc. 48) is denied.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendant and against Plaintiff, and that Plaintiff take nothing. The Clerk shall terminate this action.

Dated this 20th day of August, 2012.

_____
Neil V. Wake
United States District Judge

- 3 -